# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8511 | **DATE** | 12/17/2012 |
| **CASE TITLE** | Laborers' Pension Fund et al. vs. P.S. Demolition, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Motion by defendant Gregg Klatecki to dismiss Count III of the complaint (#11) is denied. See statement section of this order for details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen (collectively "the Funds") filed a three-count complaint against defendants P.S. Demolition, Inc. ("P.S. Demolition") and Gregg Klatecki, individually. Counts I and II allege that P.S. Demolition failed to submit payment of benefit contributions and failed to pay union dues. Count III is against Klatecki, the owner of P.S. Demolition, individually for intentionally causing and directing P.S. Demolition not to pay wages, benefit contributions and union dues. Klatecki has moved to dismiss Count III arguing that (1) the Funds fail to allege facts that would allow the court to pierce the corporate veil and hold Klatecki personally liable under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.; and (2) the Funds fail to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

As to the first issue, the Seventh Circuit has stated that "[c]orporate officers who are not parties to a pension plan or a collective bargaining agreement requiring contributions to a pension plan are personally liable for pension contributions only to the extent they are liable for general corporate debts under state corporate law." *Plumbers' Pension Fund, Local 130* v. *Niedrich*, 891 F.2d 1297, 1302 (7th Cir. 1989). Thus, to proceed on a theory of individual liability under ERISA, the Funds must allege facts demonstrating that Klatecki contractually agreed to accept responsibility for his company's actions (or lack thereof), thereby becoming an "employer who is obligated to make contributions," see 29 U.S.C. § 1145; *Sullivan* v. *Cox*, 78 F.3d 322, 325 (7th Cir. 1996), or that Klatecki is the "alter ego" of P.S. Demolition and that the court may pierce the corporate veil to hold Klatecki personally liable for P.S. Demolition's corporate obligations. *See Lumpkin* v. *Envirodyne Indus., Inc.*, 933 F.2d 449, 461 (7th Cir. 1991). The Funds do not make any such allegations in their complaint; rather, Count III appears to proceed on a theory of common law fraud against Klatecki.

**STATEMENT**

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To plead a fraud claim under Illinois law, the Funds must allege (1) a false statement of material fact, (2) Klatecki's knowledge that the statement was false, (3) Klatecki's intent that the statement induce the Funds to act, (4) the Funds' reliance on the truth of the statement, and (5) damages resulting from reliance on the statement. *Connick* v. *Suzuki Motor Co.*, 675 N.E.2d 584, 591, 174 Ill. 2d 482, 221 Ill. Dec. 389 (Ill. 1996). Klatecki argues that the Funds do not plead fraud with particularity because they do not allege that he made false statements of material fact with the intent to induce the Funds to act; instead, he simply submitted or caused to be submitted inaccurate monthly reports. Klatecki does not cite a single case where the court has dismissed the complaint under similar circumstances. It is reasonable to infer from the complaint that the false "statements" that form the basis of Count III are contained in the contribution reports, which Klatecki directed and authorized to be submitted with the "intent to induce" the Funds to credit the incomplete reports. (*See* Compl. ¶¶ 27–29.) A review of the complaint demonstrates that it otherwise alleges the "who, what, when, where, and how" of the alleged fraud. *See Sears* v. *Likens*, 912 F.2d 889, 893 (7th Cir. 1990) ("[A] complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." (quoting *Design Inc.* v. *Synthetic Diamond Tech., Inc.*, 674 F. Supp. 1564, 1569 (N.D. Ill.1987)). For these reasons, the motion (#11) is denied.